UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICHY SPRINGS RESORT, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF UKIAH, et al.,<br><br>　　　　Defendants. | Case No. 24-cv-07106-JSC<br><br>**ORDER RE: DEFENDANTS' MOTION TO DISMISS, STRIKE AND FOR A MORE DEFINITE STATEMENT**<br><br>Re: Dkt. No. 18 |

Plaintiff Vichy Springs Resort sues the City of Ukiah (the "City")[1] for inversely condemning its property and violating its civil rights by operating a gun/shooting range adjacent to Plaintiff's property. (Dkt. No. 1.)[2] Now pending before the Court is the City's 12(b)(6) motion to dismiss. (Dkt. No. 18.) The City also move to strike certain allegations or, alternatively, for a more definite statement under Federal Rules of Civil Procedure 12(f) and (e). (*Id.*) Having carefully reviewed the parties' briefing, and with the benefit of oral argument on February 13, 2025, the Court GRANTS in part and DENIES in part the motion.

## BACKGROUND

### I.    Complaint Allegations

Plaintiff owns and operates "a thermal springs resort located on approximately 690 acres at 2605 Vichy Springs Road, in unincorporated Mendocino County, near the City of Ukiah." (Dkt. No. 2 ¶ 4.) Plaintiff's property includes "the 'Vichy Springs' which are unusually high flowing, high mineral content, and carbonated warm natural springs." (*Id.*) The resort itself "was

---

[1] While the complaint also names the Ukiah City Council as a defendant, Plaintiff concedes the City Council should be dismissed as duplicative of the City. (Dkt. No. 19 at 18.)
[2] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

established 170 years ago and" is a California registered historic landmark. (*Id.*) "Many guests come to VSR to hike and do frequently hike on its extensive grounds." (*Id.* ¶ 14.)

"The City owns, maintains, and operates, and at all times relevant, has constructed, owned, maintained, and operated, a gun/shooting range located on a part of a larger parcel … immediately adjacent to and abut[ting] the [Plaintiff's] property." (*Id.* ¶ 9.) "The City has used the gun/shooting range for target shooting by its police officers using live ammunition, including lead bullets, for at least the last 30 years." (*Id.* ¶ 10.) "The sole direction of firing on the gun/shooting range is, and at all times relevant has been, towards the [Plaintiff's] property, and although a berm exists between the area where guns are fired and the [Plaintiff's] property [] such berm is not sufficient to keep all bullets on the City property." (*Id.* ¶ 11.) On one visitation by Plaintiff and City representatives, "a golf ball target was observed at the top of the berm rather than in front of the berm" demonstrating the bullets' trajectory necessarily goes "beyond the berm and onto the adjacent [Plaintiff's] property." (*Id.*) The City continually maintains the range for use though "the last known use of the gun/shooting range occurred within the last two years." (*Id.* ¶¶ 12-13.)

Plaintiff has attempted "to have the City commit to closing the gun/shooting range … [but] the City steadfastly refuses to close and cease its use" of the property. (*Id.* ¶ 13.) The City instead asserts it "considers the gun/shooting range as an important and 'irreplaceable' training facility for its peace officers, and has refused to commit to stop its use of the range." (*Id.*) "Given the City's refusal to close the gun/shooting range and the real potential that City-sanctioned shooting activity on the gun/shooting range could commence at any time," Plaintiff keeps guests away from parts of its property abutting the range, where they "might be shot at, and possibly injured or killed." (*Id.* ¶ 14.) Plaintiff further restricts "contractors and employees who would otherwise access the property for land stewardship and fire prevention and suppression activities." (*Id.*)

**II.     Procedural Background**

Plaintiff brings five claims against the City:

(1) 42 U.S.C. § 1983 Fifth Amendment Takings for loss of use;

(2) 42 U.S.C. § 1983 Fourteenth Amendment Substantive Due Process for loss of use;

(3) Inverse Condemnation loss of use damages under the United States and California

2

1  Constitutions;

2  (4) 42 U.S.C. § 1983 Substantive Due Process for property damage; and

3  (5) Inverse Condemnation for property damages under the United States and California

4  Constitutions.

5  The City moves to dismiss all claims and, in the alternative, strike others. It also moves for

6  a more definitive statement.

## ANALYSIS

### I. Motion to Dismiss

#### A. Takings Claims Directly Under the Fifth Amendment (3rd and 5th Claims)

Plaintiff's third and fifth claims purport to bring a Fifth Amendment takings claim directly under the Fifth Amendment (in addition to the California Constitution). But, the Ninth Circuit has held that "[t]akings claims must be brought under § 1983." *Hacienda Valley Mobile Estates v. City of Morgan Hill*, 353 F.3d 651, 655 (9th Cir. 2003) (citing *Azul-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992)); *see also Golden Gate Hotel Ass'n v. City and Cnty. of San Francisco*, 18 F.3d 1482, 1486 (9th Cir. 1994) (citations omitted) ("all claims of unjust taking ha[ve] to be brought pursuant to Section 1983"). The Court is bound by this Ninth Circuit law absent subsequent "clearly irreconcilable" Supreme Court precedent. *Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003). But the Supreme Court has not decided to the contrary. *DeVillier v. Texas*, 601 U.S. 285, 292 (2024) ("Our precedents do not cleanly answer the question whether a plaintiff has a cause of action arising directly under the Takings Clause. But this case does not require us to resolve that question.").

So, Plaintiff's third and fifth claims are DISMISSED without leave to amend to the extent they are brought pursuant to the Fifth Amendment; they are not dismissed to the extent they are based on the California Constitution.

#### B. Substantive Due Process (2nd and 4th Claims)

"A 'regulation that fails to serve any legitimate governmental objective may be so arbitrary or irrational that it runs afoul of the Due Process Clause.'" *Ballinger v. City of Oakland*, 398 F. Supp. 3d 560, 575 (N.D. Cal. 2019) *aff'd*, 24 F.4th 1287 (9th Cir. 2022) (quoting *Lingle v.*

3

*Chevron U.S.A. Inc.*, 544 U.S. 528, 542 (2005)). "To constitute a violation of substantive due process, the alleged deprivation must 'shock the conscience and offend the community's sense of fair play and decency.'" *Sylvia Landfield Tr. v. City of Los Angeles*, 729 F.3d 1189, 1195 (9th Cir. 2013) (quoting *Marsh v. Cty. Of San Diego*, 680 F.3d 1148, 1154 (9th Cir. 2012)). Plaintiff bears the "extremely high" burden to allege the government action was "arbitrary and irrational." *Richardson v. City and Cty. Of Honolulu*, 124 F.3d 1150, 1162 (9th Cir. 1997) (citing *Del Monte Dunes v. City of Monterrey*, 920 F.2d 1496, 1508 (9th Cir. 1990)).

Plaintiff bases its substantive due process claims on the City "suppressing VSR's ability to use its property and causing damages thereto," by causing "huge clouds of toxic dust" to migrate and settle on the property, and by shooting and leaving lead bullets there as well. (Dkt. No. 2 ¶¶ 29, 41-43.) Plaintiff's complaint does not meet its "extremely high" burden. *Richardson*, 124 F.3d at 1162 (citations omitted). While the inability to use its own land may be sufficient injury to plead a taking under the Fifth Amendment, the complaint's allegations do not support a plausible inference the government's decision to use the range was so "arbitrary and unreasonable, lacking any substantial relation to the public health, safety, or general welfare," so as to fall within the Fourteenth Amendment's substantive due process proscription. *Crown Point Development, Inc. v. City of Sun Valley*, 506 F.3d 851, 855 (9th Cir. 2007). "On a motion to dismiss, Plaintiff must clearly allege facts from which the court may draw a reasonable inference that Defendants' actions had no 'legitimate governmental objective.'" *Friedman v. City of Fairfax*, 24-cv-00371-DMR, 2024 WL 3925729, at *13 (N.D. Cal. Aug. 23, 2024) (quoting *Ballinger*, 398 F. Supp. 3d at 575). Plaintiff has not made any such allegations here.

Because Plaintiff has failed to meet its "extremely high" burden to allege facts that plausibly support an inference the City's action was "arbitrary and irrational," the Court DISMISSES Plaintiff's Second and Fourth claims with leave to amend.

### C. Statute of Limitations (Section 1983 1st and 4th Claims)

In California, the limitations period for § 1983 claims based on the Fifth Amendment is two years. *Action Apartment Ass'n, Inc. v. Santa Monica Rent Control Bd.*, 509 F.3d 1020, 1026 (9th Cir. 2007). The limitations period "begins to run when a potential plaintiff knows or has

4

reason to know of the asserted injury." *Id.* (quoting *De Anza Props. X, Ltd. v. Cnty. of Santa Cruz*, 936 F.2d 1084, 1086 (9th Cir. 1991)). "A claim may be dismissed as untimely pursuant to a 12(b)(6) motion only when the running of the statute of limitations is apparent on the face of the complaint." *Thomas v. Cnty. of Humboldt, California*, 124 F.4th 1179, 1190 (9th Cir. 2024) (quoting *United States ex rel. Air Control Techs., Inc. v. Pre Con Indus., Inc.*, 720 F.3d 1174, 1178 (9th Cir. 2013) (cleaned up)).

For a federal takings claim, "[t]he obligation to sue arises once the permanent nature of the Government action is evident, regardless of whether damages are complete and fully calculable." *Mildenberger v. United States*, 643 F.3d 938, 946 (Fed. Cir. 2011); *see also Boling v. United States,* 220 F.3d 1365, 1370 (Fed. Cir. 2000) (holding that for a takings claim, "the key date for accrual purposes is the date on which the plaintiff's land has been clearly and permanently taken").

> Stabilization occurs when it becomes clear that the gradual process set into motion by the government has effected a permanent taking, not when the process has ceased or when the entire extent of the damage is determined. Thus, during the time when it is uncertain whether the gradual process will result in a permanent taking, the plaintiff need not sue, but once it is clear that the process has resulted in a permanent taking and the extent of the damage is reasonably foreseeable, the claim accrues and the statute of limitations begins to run.

*Boling*, 220 F.3d at 1370–71.

### 1. Claim 1: Fifth Amendment Taking Based on Loss of Use

The City contends that given the complaint's allegations of long-time operation of the gun range, the taking of Plaintiff's property through loss of use stabilized well over two years ago and so is time barred. The Court agrees. The complaint alleges "[t]he City has used the gun/shooting range for target shooting by its police officers using live ammunition, including lead bullets, for at least the last 30 years." (Dkt. No. 2 at ¶ 10.) Further, "at all times relevant" the sole direction of firing on the gun/shooting range has been at the Plaintiff's property, about 300 feet away. (*Id.* at ¶ 11.) The only reasonable inference from these allegations is that the taking became permanent at least more than two years before this lawsuit was filed. The complaint does not contain any other factual allegations that would support an inference that the taking did not become permanent more than two years before this lawsuit was filed.

5

Plaintiff responds that "the extent of any permanent taking at the present time and its ultimate impact on [Plaintiff] remains uncertain. . . . At present, the use of the property and extent of damages has not stabilized." (Dkt. No. 19 at 12.) But, a takings suit cannot "be postponed until the full extent of the damage is known." *Boling*, 220 F.3d at 1371. So, Plaintiff's argument does not rebut the inference the alleged taking through the gun range's operation stabilized and became permanent before October 2022.

Plaintiff also argues that under the continuous violation doctrine its takings claim based on loss of use is timely. But, the continuing violation doctrine

> does not apply in cases where a single governmental action causes a series of deleterious effects, even though those effects may extend long after the initial governmental breach. For example, in *Fallini*, the landowners claimed a governmental taking based on a statute that required them to allow wild horses to drink water that was kept on their property. Invoking the continuing claims doctrine, the landowners argued that each drink taken by a horse on their property amounted to a new taking. *See Fallini,* 56 F.3d at 1383. The court rejected that argument, holding that the takings claim accrued when the relevant statute was enacted, because this was the sole governmental action that arguably breached a duty owed to the plaintiffs.

*Boling*, 220 F.3d at 1373–74. Similarly, here, drawing inferences from the complaint's allegations in Plaintiff's favor, the sole governmental action causing the loss-of-use taking is the continuous 30-year operation of the gun range. That the complaint alleges the City has not presently decided whether to continue to operate the gun range does not restart the statute of limitations, as the taking is still the result of the City's single act of operating the gun range.

So, Claim 1 is DISMISSED. As Plaintiff may be able to plead facts that support an inference the claim is not barred by the statute of limitations, the dismissal is with leave to amend.

### 2. Claim 4: Fifth Amendment Property Damage

In its Fourth Claim Plaintiff alleges a taking by "causing lead bullets to be shot from and remain upon and contaminate" Plaintiff's property and "by intentionally causing toxic clouds and dust to travel from its property onto" Plaintiff's property. (Dkt. No. 2 at ¶ 42.) The City contends this property damage takings claim is also time barred.

The City has not met its burden of showing the taking from the bullets or toxic cloud is

6

1    time barred.  The complaint does not allege no bullets were shot onto Plaintiff's property within
2    the statute of limitations; instead, the complaint alleges that bullets landed on Plaintiff's property
3    from the gun range, and that the gun range was used within the last two years.  (*Id*. ¶¶ 11, 13.)
4    These allegations, drawing all reasonable inferences in Plaintiff's favor, support an inference
5    bullets landed on Plaintiff's property within the past two years.  And the complaint alleges the
6    cloud of toxic dust migrated to Plaintiff's property for many days in the Fall of 2022.  (*Id.* 42.)  As
7    this action was filed on October 11, 2024—in the Fall—the Court cannot conclude that an alleged
8    taking that occurred in "Fall 2022" is outside the statute of limitations.  *See Jablon v. Dean Witter*
9    *& Co.*, 614 F.2d 677, 682 (9th Cir.1980) ("When a motion to dismiss is based on the running of
10   the statute of limitations, it can be granted only if the assertions of the complaint, read with the
11   required liberality, would not permit the plaintiff to prove that the statute was tolled.").

     Because the Section 1983 property damage takings claim as pled is not on its face
     untimely, the City's motion to dismiss Claim 4 as time-barred is DENIED.

### D.  Standing (4th and 5th Claims)

"Article III of the Constitution limits the jurisdiction of federal courts to 'Cases' and 'Controversies.'" *Murthy v. Missouri*, 603 U.S. 43, 56 (2024).  And "[a] proper case or controversy exists only when at least one plaintiff establishes that she has standing to sue." *Id.* at 57 (cleaned up).  So, a plaintiff must "show that she has suffered, or will suffer, an injury that is concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling." *Id.*  A motion attacking standing under Article III attacks the "standing to invoke the jurisdiction of the federal courts." *Bowen v. Energizer Holdings, Inc.*, 118 F.4th 1134, 1142 (9th Cir. 2024) (citing *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021)). "When the jurisdictional and merits issues are inseparable, the court must treat a factual attack on jurisdiction as a motion for summary judgment and construe disputed issues of fact in favor of the nonmoving party." *Id.* at 1139.  In other words, "when jurisdictional issues are 'intertwined with an element of the merits of the plaintiff's claim,' the court must treat the motion like a motion for summary judgment and 'leave the resolution of material factual disputes to the trier of fact.'" *Id.* at 1143 (quoting *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014)).

7

The City argues the complaint fails to allege an injury sufficient to confer standing for Plaintiff's Fourth and Fifth property damage claims because Plaintiff merely alleges a "toxic cloud" travelled onto the property but does not "explain how the cloud was toxic or how the cloud damaged it property." (Dkt. No. 18 at 18.) The Court agrees. Whether the City's argument is one of Article III standing, or failure to allege facts sufficient to plausibly show there was a taking, the complaint alleges no facts that support a plausible inference the "huge clouds of toxic dust" that settled on Plaintiff's property did any actual damage. So, the Fourth and Fifth claims are dismissed as to the toxic cloud property damage with leave to amend.

These claims are also based on the continued presence of lead bullets on Plaintiff's property which it alleges remain and contaminate its property. (Dkt. No. 2 ¶¶ 14, 41.) The Supreme Court has held "an owner suffers a special kind of injury when a *stranger* directly invades and occupies the owner's property." *Loretto v. Teleprompter Manhattan CATV Corp.*, 458 U.S. 419, 436 (1982). And a permanent physical occupation, no matter how small, constitutes a taking. *Id.* at 438 n.16 ("[W]hether the installation is a taking does not depend on whether the volume of space it occupies is bigger than a breadbox."). So, at this stage of the litigation, Plaintiff's allegations that the bullets landed on and contaminated its property meet the injury requirement.

The Fourth and Fifth claims are therefore DISMISSED with leave to amend only to the extent they are based on the "toxic cloud" taking.

### E. Motion to Strike

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The Rule functions to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (citation omitted). "Motions to strike are generally disfavored" and "should only be granted if the matter sought to be stricken clearly has no possible bearing on the subject matter of the litigation." *Gutzalenko v. City of Richmond*, 723 F. Supp. 3d 748, 755 (N.D. Cal. 2024) (citations omitted).

8

The City moves to strike from ¶¶ 37, 51, 25-34, and 43 all claims in the complaint they argue should be dismissed, namely targeting allegations that the City violated the Takings Clause of the United States Constitution. The City does not explain why references to the Takings Clause of the United States Constitution in the aforementioned paragraphs or the substantive due process claim should be stricken beyond its position that these claims should also be dismissed. In any event, "motions to strike are generally disfavored" and the City has not shown these allegations have "no possible bearing on the subject matter of the litigation," *Gutzalenko*, 723 F. Supp. 3d at 755, or how the allegations are redundant, impertinent, or scandalous, since the Court does not dismiss these claims. Fed. R. Civ. P. 12(f). Thus, these allegations will not be stricken.

The City also requests the Court strike from paragraphs 16, 18, and 19 the portions therein which make reference to the California Constitution because it cannot form the basis of a § 1983 claim. Plaintiff concedes it "does not intend to use the violation of the clause as a basis for recovery under Section 1983" (Dkt. No. 19 at 12 n.2) even though its complaint states it "brings [the § 1983] claim pursuant to … Article I, section 19 of the California Constitution" (Dkt. No. 2 ¶ 16). Since Plaintiff concedes it cannot seek to recover under § 1983 for a violation of the California Constitution, the Court need not strike these references from the complaint. That the California Constitution also prohibits the taking of private property without just compensation is not redundant, impertinent or scandalous and provides background to the claim, since the City is an extension of the state of California and Plaintiff separately claims under the California Constitution in other causes of action.

For these reasons, the City's motion to strike is DENIED.

### F. Motion for a More Definite Statement

Federal Rule of Civil Procedure 12(e) permits a party to move for a more definite statement of a pleading that is "so vague or ambiguous that the party cannot reasonably prepare a response." "A Rule 12(e) motion should be granted when a complaint is so vague that the defendant cannot discern the nature of the plaintiff's claims and thus cannot frame a response." *Powers v. AT&T*, No. 15-cv-01024-JSC, 2015 WL 5188714, at *3 (N.D. Cal. Sept. 4, 2015) (citations omitted); *see also Braun v. Yahoo*, No. 17-cv-06394-SVK, 2018 WL 10809622, at *2

(N.D. Cal. Mar. 28, 2018) ("A Rule 12(e) motion is proper only where the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted and therefore cannot reasonably be expected to frame a proper response.") (cleaned up).  "A 12(e) motion should also be denied if the detail sought is obtainable through discovery."  *Powers*, 2015 WL 10809622, at *3 (citing *Davison v. Santa Barbara High Sch. Dist.*, 48 F. Supp. 2d 1225, 1228 (C.D. Cal. 1998)).

The City fails to show the complaint is so vague or ambiguous that it cannot reasonably prepare a response.  It requests a more definite statement under Rule 12(e) on the scope of Plaintiff's claimed constitutional injuries and the date of its alleged damages.  But Plaintiff alleges that it was injured by the intrusion of bullets onto its property and that bullets remain on its property and that it is unable to use parts of the same. (*See, e.g.*, Dkt. No. 2 ¶¶ 1, 10, 11, 14, 41-43.)  And Plaintiff alleges harm occurred "within the last two years" as well as "in the Fall of 2022."  (*Id.* ¶¶ 13, 42.)  At this stage in the pleadings, this is enough to meet the requirements of Federal Rule of Civil Procedure 8(a)(2) and "give[s] the defendant fair notice of what the claim is and the grounds upon which it rests."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up).  Further details on the injury claimed and the exact dates when relevant events occurred are obtainable through discovery.  *Powers*, 2015 WL 10809622, at *3.

So, the City's motion for a more definite statement is DENIED.

## CONCLUSION

For the reasons discussed above, the City's motion to dismiss is GRANTED in part and DENIED in part:

- The Ukiah City Council is DISMISSED without leave to amend,
- The direct Fifth Amendment takings claims (3rd and 5th claims) are DISMISSED without leave to amend,
- The substantive due process claims (2nd and 4th claims) are DISMISSED with leave to amend,
- The Section 1983 loss of use takings claim (1st claim) is DISMISSED as barred by the statute of limitations with leave to amend, and

10

- The Section 1983 property damage takings claim (4th claim) is DISMISSED as to the toxic cloud with leave to amend.

As discussed at the February 13, 2025 hearing, the parties are referred to Magistrate Judge Illman for a settlement conference on a date agreed to by Judge Illman and the parties. As also discussed, the case is otherwise STAYED to give the parties an opportunity to resolve the case without further litigation, though the parties are encouraged to share discovery as needed to advance settlement discussions. The Court will hold a further case management conference on June 25, 2025 at 2:00 p.m. via Zoom video to address whether the stay should be lifted. An updated joint case management conference statement is due one week in advance.

This Order disposes of Docket No. 18.

**IT IS SO ORDERED.**

Dated: February 13, 2025

_____
JACQUELINE SCOTT CORLEY
United States District Judge