UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICHY SPRINGS RESORT, INC.,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CITY OF UKIAH,<br><br>　　　　Defendant. | Case No. 24-cv-07106-JSC<br><br>**ORDER RE: MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Re: Dkt. No. 51 |

Before the Court is Defendant's motion to dismiss Plaintiff's first amended complaint. (Dkt. No. 51.)[1] Plaintiff, a company that operates a spa resort, alleges Defendant, the City of Ukiah, has continually operated a shooting range for the last 30 years to train City personnel in using firearms, causing bullets to fire towards Plaintiff's property, and causing a buildup of toxic lead clouds, dust, and residue on the property.

After carefully considering the arguments and briefing submitted, the Court concludes oral argument is unnecessary, *see* Civ. L.R. 7-1(b), VACATES the January 14, 2026 hearing, and GRANTS, in part, and DENIES, in part, Defendant's motion to dismiss for the reasons set forth below. The Court DISMISSES, without leave to amend, all of Plaintiff's claims, except for the portion of Cause of Action V alleging a taking based on the continued presence of lead bullets on Plaintiff's property. Causes of Action I and III are time barred because the statutes of limitations began running decades ago, and Plaintiff's new allegations do not support a plausible inference otherwise. Causes of Action II and IV do not sufficiently allege substantive due process claims because the amended complaint's allegations do not support a plausible inference the

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

government's decision lacked a legitimate government objective. And Plaintiff has failed to plausibly allege property damage arising from toxic clouds, dust, or residue. However, as there remains a federal claim in Cause of Action V arising from the continued presence of lead bullets, the Court retains supplemental jurisdiction over Plaintiff's remaining state-law claim based on the same theory.

**BACKGROUND**

**A. The Original Complaint and the Court's Order on Defendant's Motion to Dismiss**

Plaintiff's original complaint had five causes of action: (1) "Violation of Civil Rights Based on the Takings Clause" brought under 42 U.S.C. § 1983 and Article I, Section 19 of the California Constitution; (2) "Violation of Civil Rights Based on the Substantive Due Process Clause" brought under Section 1983; (3) "Inverse Condemnation Loss of Use Damages" brought under the Fifth Amendment's Takings Clause and the California Constitution; (4) "Violation of Civil Rights Resulting in Property Damage Based on the Substantive Due Process Clause" brought under Section 1983; (5) "Inverse Condemnation Physical Damages" brought under the Takings Clause and the California Constitution. (Dkt. Nos. 2, 23.)[2] In particular, Causes of Action I, III, and V were brought under both the United States and California Constitutions. For brevity's sake, the Court reincorporates its discussion of the original complaint's causes of action and allegations. (Dkt. No. 23 at 1-3, 8-10.)

Defendant moved to dismiss Plaintiff's original complaint, which the Court granted, in part, and denied, in part. (*Id*.) The Court denied the motion as to Causes of Action III and V to the extent they were brought under the California Constitution and ruled Plaintiff had standing to bring claims IV and V to the extent they are based on the continued presence of lead bullets on Plaintiff's property. The Court dismissed Cause of Action I, with leave to amend, as barred by the

---

[2] Although none of the causes of action mentioned the California Constitution in their title, the paragraphs within some causes of action made claims under the California Constitution. Hence, the Court denied Defendant's motion to strike paragraphs which referenced the California Constitution because "[t]hat the California Constitution also prohibits the taking of private property without just compensation is not redundant, impertinent or scandalous and provides background to the claim, since the City is an extension of the state of California and Plaintiff separately claims under the California Constitution in other causes of action." (Dkt. No. 23 at 9.)

1  statute of limitations because the alleged taking based on loss of use "became permanent at least
2  more than two years before this lawsuit was filed because original complaint alleged the City has
3  used the gun/shooting range for at least the last 30 years." (*Id.* at 5 (quoting Dkt. No. 2 ¶ 10).)
4  The Court rejected Plaintiff's argument the taking had not yet stabilized and Plaintiff's invocation
5  of the continuing violation doctrine, quoting *Boling v. United States*, 220 F.3d 1365, 1373–74
6  (Fed. Cir. 2000), which held the continuing violation doctrine

> does not apply in cases where a single governmental action causes a series of deleterious effects, even though those effects may extend long after the initial governmental breach. For example, in *Fallini*, the landowners claimed a governmental taking based on a statute that required them to allow wild horses to drink water that was kept on their property. Invoking the continuing claims doctrine, the landowners argued that each drink taken by a horse on their property amounted to a new taking. *See Fallini*, 56 F.3d at 1383. The court rejected that argument, holding that the takings claim accrued when the relevant statute was enacted, because this was the sole governmental action that arguably breached a duty owed to the plaintiffs. *Boling*, 220 F.3d at 1373–74. Similarly, here, drawing inferences from the complaint's allegations in Plaintiff's favor, the sole governmental action causing the loss-of-use taking is the continuous 30-year operation of the gun range. That the complaint alleges the City has not presently decided whether to continue to operate the gun range does not restart the statute of limitations, as the taking is still the result of the City's single act of operating the gun range.

(Dkt. No. 23 at 6.) Additionally, the Court dismissed Plaintiff's substantive due process claims (Causes of Action II and IV) with leave to amend because:

> "To constitute a violation of substantive due process, the alleged deprivation must 'shock the conscience and offend the community's sense of fair play and decency.'" *Sylvia Landfield Tr. v. City of Los Angeles*, 729 F.3d 1189, 1195 (9th Cir. 2013) (quoting *Marsh v. Cty. Of San Diego*, 680 F.3d 1148, 1154 (9th Cir. 2012)). Plaintiff bears the "extremely high" burden to allege the government action was "arbitrary and irrational." *Richardson v. City and Cty. Of Honolulu*, 124 F.3d 1150, 1162 (9th Cir. 1997) (citing *Del Monte Dunes v. City of Monterrey*, 920 F.2d 1496, 1508 (9th Cir. 1990)).
>
> Plaintiff bases its substantive due process claims on the City "suppressing VSR's ability to use its property and causing damages thereto," by causing "huge clouds of toxic dust" to migrate and settle on the property, and by shooting and leaving lead bullets there as well. (Dkt. No. 2 ¶¶ 29, 41-43.) Plaintiff's complaint does not meet its "extremely high" burden. *Richardson*, 124 F.3d at 1162 (citations omitted). While the inability to use its own land may be sufficient injury to plead a taking under the Fifth Amendment, the complaint's allegations do not support a plausible inference the government's

3

> decision to use the range was so "arbitrary and unreasonable, lacking any substantial relation to the public health, safety, or general welfare," so as to fall within the Fourteenth Amendment's substantive due process proscription. *Crown Point Development, Inc. v. City of Sun Valley*, 506 F.3d 851, 855 (9th Cir. 2007). "On a motion to dismiss, Plaintiff must clearly allege facts from which the court may draw a reasonable inference that Defendants' actions had no 'legitimate governmental objective.'" *Friedman v. City of Fairfax*, 24-cv-00371-DMR, 2024 WL 3925729, at *13 (N.D. Cal. Aug. 23, 2024) (quoting *Ballinger* [*v. City of Oakland*], 398 F. Supp. 3d 560, 575 [(N.D. Cal. 2019) *aff'd*, 24 F.4th 1287 (9th Cir. 2022)]. Plaintiff has not made any such allegations here.

(Dkt. No. 23 at 4.) As to the alleged "clouds of toxic dust," the Court dismissed Causes of Action IV and V with leave to amend because

> Plaintiff merely alleges a "toxic cloud" travelled onto the property but does not "explain how the cloud was toxic or how the cloud damaged it property." (Dkt. No. 18 at 18.) […] Whether the City's argument is one of Article III standing, or failure to allege facts sufficient to plausibly show there was a taking, the complaint alleges no facts that support a plausible inference the "huge clouds of toxic dust" that settled on Plaintiff's property did any actual damage.

(Dkt. No. 23 at 8.) Finally, the Court dismissed Causes of Action III and V without leave to amend to the extent they were brought directly under the Fifth Amendment rather than Section 1983, but not to the extent the claims were brought under the California Constitution. (*Id.* at 3.)

In sum, the only claims the Court did not dismiss at least in part were Plaintiff's state-law claims in Causes of Action I, III and V and the portion of Cause of Action V based on "the continued presence of lead bullets on Plaintiff's property which… remain and contaminate its property." (*See id.* at 3, 8.) Every other claim was dismissed at least in part, so the viability of these claims hinges on Plaintiff's amended allegations. In particular, the Court gave Plaintiff leave to amend to allege facts supporting a plausible inference that (1) Cause of Action I was not time barred; (2) regarding Causes of Action II and IV, the government's decision to use the range was "so arbitrary and unreasonable, lacking any substantial relation to the public health, safety, or general welfare;" (3) regarding Causes of Action IV and V, the "clouds of toxic dust that settled on Plaintiff's property did any actual damage." (*Id.* at 4, 8.)

### B. The First Amended Complaint's Allegations

Plaintiff's FAC has several new allegations. First, Plaintiff alleges the Defendant has an expired permit for the gun range and "has failed to use best management practices for

4

gun/shooting range operation and maintenance." (Dkt. No. 50 ¶ 9; *see* Dkt. No. 2 ¶¶ 9-10). Second, Plaintiff alleges an anecdote to support its claim there is a "real possibility" Plaintiff's contractors "could have been shot" because users of the range shoot in the direction of Plaintiff's property. (Dkt. No. 50 ¶ 10.) This paragraph, with the new allegations bolded and underlined, states:

> The sole direction of firing on the gun/shooting range is, and at all times relevant has been, towards the VSR property, and although a berm exists between the area where guns are fired and the VSR property (approximately 300 feet from the VSR property), such berm is not sufficient to keep all bullets on the City property, and such berm is not sufficient to halt lead bullets from exiting the City property and landing on the VSR property. On a visitation of the gun/shooting range by City representatives and the VSR owner, a golf ball target was observed at the top of the berm rather than in front of the berm further demonstrating the trajectory of bullets beyond the berm and onto the adjacent VSR property. **On another occasion, VSR's principal and another individual, wearing brightly colored contractor clothing, were performing maintenance work on VSR property near the VSR property fence line. City personnel wearing police uniforms, approximately 500 feet from where the maintenance work was occurring, starting shooting towards the berm in the direction of VSR property where the VSR individuals were working. Prior to shooting, the City representatives did not announce all clear or purport to inspect the area, and there did not appear to be any range master on site. This created a real possibility that the VSR individuals could have been shot since they were within range of the bullets.**

(*Id.* ¶ 10; *see* Dkt. No. 2 ¶ 11) (emphasis added). Third, Plaintiff alleges facts regarding a risk of wildfires, with new allegations bolded and underlined:

> Similarly, VSR property adjacent to the City gun range must remain limited or off limits to VSR contractors and employees who would otherwise access the property for land stewardship and fire prevention and suppression activities thereby increasing the public safety risk to the community especially if "hot bullets" were to strike vegetation on VSR property. **The possibility of wildfire is a known and real hazard as evidenced by recent fires at a different gun/shooting range in the immediate vicinity of the VSR property on City of Ukiah property caused by hot bullets igniting vegetation. The likelihood of this catastrophic wildfire danger only increases as environmental conditions become warmer and drier.**

(Dkt. No. 50 ¶ 14; *see* Dkt. No. 2 ¶¶ 13-14) (emphasis added).

Fourth, the FAC alleges details about Defendant's unsuccessful remediation of the range in Causes of Action I, II, IV, and V. The original complaint alleged, only in Cause of Action IV,

5

"[a]lthough the City purported to remediate its property the Fall of 2022, the City's efforts further impaired the VSR property by producing huge clouds of toxic dust for many days which migrated to and settled on the VSR property." (Dkt. No. 2 ¶ 42.) The FAC now incorporates details about the attempted remediation to Causes of Action I, II, IV, and V. So, the first cause of action now alleges Defendants "purported to engage in an attempt to clean-up the remnant bullets and lead residue," the remediation "caus[ed] a toxic cloud of lead dust to cross onto [Plaintiff]'s property and create toxic lead dust and residue to be deposited onto and occupy a portion of [Plaintiff]'s property," and lead exposure causes various health problems. (Dkt. No. 50 ¶ 20.) Causes of Action II, IV, and V essentially repeat these allegations, and the second cause of action specifically adds Defendant failed to "tak[e] adequate measures to prevent" the spread of lead, "including a failure to obtain air quality control permits." (*Id.* ¶¶ 30, 43, 51.)

## DISCUSSION

The Court reincorporates the prior order's analysis regarding the statute of limitations for Plaintiff's Section 1983 claims, Plaintiff's "extremely high" burden to sufficiently allege substantive due process claims, and Article III standing. (Dkt. No. 23 at 3-8.) For the reasons set forth below, the Court grants Defendant's motion to dismiss and dismisses all of Plaintiff's claims, without leave to amend, with the exception of the portion of Cause of Action V based on the continued presence of lead bullets on Plaintiff's property. As this constitutes a claim under federal and state law, the Court exercises supplemental jurisdiction over the state-law portion of Cause of Action V.

**A. Causes of Action I and III (Federal and State Takings Claims Based on Loss of Use) Are Still Time Barred**

Plaintiff's first cause of action is subject to a two-year statute of limitations under federal law, *Action Apartment Ass'n, Inc. v. Santa Monica Rent Control Bd.*, 509 F.3d 1020, 1026 (9th Cir. 2007), and "[a] claim may be dismissed as untimely pursuant to a 12(b)(6) motion only when the running of the statute of limitations is apparent on the face of the complaint." *Thomas v. Cnty. of Humboldt, California*, 124 F.4th 1179, 1190 (9th Cir. 2024) (cleaned up). Claims brought under Article I, Section 19 of the California Constitution have a five-year statute of limitations.

*Baker v. Burbank-Glendale-Pasadena Airport Auth.*, 39 Cal. 3d 862, 867 (1985). Accordingly, the Court dismissed Plaintiff's first cause of action as time barred because:

> The complaint alleges "[t]he City has used the gun/shooting range for target shooting by its police officers using live ammunition, including lead bullets, for at least the last 30 years." (Dkt. No. 2 at ¶ 10.) Further, "at all times relevant" the sole direction of firing on the gun/shooting range has been at the Plaintiff's property, about 300 feet away. (*Id.* at ¶ 11.) The only reasonable inference from these allegations is that the taking became permanent at least more than two years before this lawsuit was filed. The complaint does not contain any other factual allegations that would support an inference that the taking did not become permanent more than two years before this lawsuit was filed.
>
> […]
>
> [H]ere, drawing inferences from the complaint's allegations in Plaintiff's favor, the sole governmental action causing the loss-of-use taking is the continuous 30-year operation of the gun range. That the complaint alleges the City has not presently decided whether to continue to operate the gun range does not restart the statute of limitations, as the taking is still the result of the City's single act of operating the gun range.

(Dkt. No. 23 at 5-6.)[3] The Court granted leave to amend because "Plaintiff may be able to plead facts that support an inference the claim is not barred by the statute of limitations." (*Id.* at 6.)

The amended complaint does not plead new facts supporting such an inference. Plaintiff still alleges the continual operation of the shooting range "for at least the last 30 years" and guns were fired in the direction of Plaintiff's property "at all times relevant." (Dkt. No. 50 ¶¶ 9, 11). Of the new allegations discussed above, none allege a new loss-of-use taking. For instance, although Plaintiff adds an anecdote to bolster its claim there was a "real possibility" someone could have been shot, the result is not a new loss-of-use taking that restarts the statute of limitations, whether it be two years or five years, because the taking is still the result of the City's single act of operating the gun range over 30 years.

Plaintiff's recycled argument Defendant's conduct restarted the statutes of limitations is unavailing. "[T]wo elements characterize an overt act which will restart the statute of limitations:

---

[3] Defendant's earlier motion to dismiss argued all of Plaintiff's claims were time barred. (Dkt. No. 18 at 12-15.) The Court did not address Defendant's statute-of-limitations argument under state law. (*See generally* Dkt. No. 23.) Defendant re-raises the statute-of-limitations argument to Plaintiff's state-law claims, but only as to Causes of Action I-III, (Dkt. No. 51), so the Court will now address California's statute of limitations as to Causes of Action I and III.

7

1) It must be a new and independent act that is not merely a reaffirmation of a previous act; and 2) it must inflict new and accumulating injury on the plaintiff." *Pace Indus., Inc. v. Three Phoenix Co.*, 813 F.2d 234, 238 (9th Cir. 1987).[4] Plaintiff contends "[e]ach shooting of a gun" was an overt act under both elements, (Dkt. No. 52 at 18), but each shooting of the gun merely reaffirmed the range's operation because the purpose of the range is to shoot guns. Nor did each shot "inflict new and accumulating injury" because each shooting of a gun caused the same injury as the operation of the range: bullets were launched and lead was deposited over 30 years, causing Plaintiff's alleged loss-of-use taking. Similarly, Plaintiff argues the City's "attempt to remediate toxic lead deposits on its property" restarted the statute of limitations. (Dkt. No. 52 at 18.) While the remediation may be a "new and independent act" from the operation of the range, drawing inferences in Plaintiff's favor, there are no allegations to suggest the lead deposits caused by the remediation inflicted new and accumulating loss of use. For instance, Plaintiff does not allege the remediation made additional areas "off limits," causing new loss of use. (Dkt. No. 50 ¶ 13.)

So, the Court DISMISSES Causes of Action I and III as barred by the statutes of limitations. As Plaintiff has already had a chance to allege new facts showing the statute of limitations does not bar Plaintiff's claims, dismissal is without leave to amend.

**B.  Causes of Action II and IV (Federal Substantive Due Process Claims) Still Do Not Allege Substantive Due Process Violations**

Plaintiff's alleged substantive due process violation must "shock the conscience and offend the community's sense of fair play and decency," *Sylvia Landfield*, 729 F.3d at 1195 (cleaned up), and Plaintiff has an "extremely high" burden to allege the government's action as "arbitrary and irrational." *Richardson*, 124 F.3d at 1162. The Court dismissed Causes of Action II and IV because "the complaint's allegations do not support a plausible inference the government's decision to use the range was so 'arbitrary and unreasonable, lacking any substantial relation to the

---

[4] Plaintiff cites no authority showing this rule governs California's statute of limitations. Plaintiff refers to "the cases cited by the City" and recites the federal rule. (Dkt. No. 18.) But Defendant's only California case on this point is *Quarry v. Doe I*, 53 Cal. 4th 945, 982 (2012), which does not mirror the federal rule because the case governs when a law has retroactive effect. *See id.* So, Plaintiff's argument California's statute of limitations has restarted lacks legal support.

1    public health, safety, or general welfare,' so as to fall within the Fourteenth Amendment's

2    substantive due process proscription." (Dkt. No. 23 at 4 (citing *Crown Point*, 506 F.3d at 855).)

3          Plaintiff's amended complaint does not support such an inference, either.  Plaintiff's new

4    allegations are the City had an expired permit, failed to use undefined "best management

5    practices," created a "possibility" of wildfire or someone being shot, and did not "tak[e] adequate

6    measures" during remediation.  (Dkt. No. 50 ¶ 12-50.)  A failure to perform vague "practices" and

7    "measures" does not plausibly support an inference the City had "no 'legitimate governmental

8    objective'" in using or remediating the range.  *Friedman*, 2024 WL 3925729 at *13 (quoting

9    *Ballinger*, 398 F. Supp. 3d at 575).  Nor does an expired permit or the "possibility" of injury, with

10   no alleged incidents of harm over thirty years, plausibly suggest an "abuse of power which shocks

11   the conscience."  *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998).

12         Plaintiff's argument Defendant "affirmatively place[d]" people "in danger by acting with a

13   deliberate indifference to a known or obvious danger" (Dkt. No. 52 at 13 (citing *Martinez v. City*

14   *of Clovis*, 943 F.3d 1260, 1271 (9th Cir. 2019))) fails.  First, the third-party danger "doctrine only

15   applies in situations in which the plaintiff was directly harmed *by a third party*[.]"  *Henry A. v.*

16   *Willden*, 678 F.3d 991, 1002 (9th Cir. 2012) (emphasis in original).  Here, Plaintiff merely alleges

17   a "possibility" of wildfire or injury, not a materialized harm by a third party.  Second, the doctrine

18   requires an "affirmative act" by the government.  *Clovis*, 943 F.3d at 1271.  But Plaintiff's new

19   allegations surround omissions, such as letting a permit expire, allowing guns to be fired during

20   training, and the failure to carry out practices and measures.

21         So, the Court DISMISSES Causes of Action II and IV.  As Plaintiff has had the

22   opportunity to amend these claims, and it is apparent further amendment would be futile, dismissal

23   is without leave to amend.

24       **C. The "Toxic Cloud" Claims in Causes of Action IV (Substantive Due Process) and**

25          **V (Federal and State Takings Claims Based on Physical Damage) Still Do Not**

26          **Allege a Sufficient Injury or Taking**

27         The Court's prior order noted the original complaint "merely alleges a toxic cloud travelled

28   onto the property but does not explain how the cloud was toxic or how the cloud damaged it[s]

property," and so there were "no facts that support a plausible inference the … toxic dust that settled on Plaintiff's property did any actual damage." (Dkt. No. 23 at 8.) To attempt to cure this deficiency, Plaintiff's amended complaint alleges the health risks of lead exposure:

> Scientific, environmental and public health authorities including, but not limited to, the United States Centers for Disease Control, University of California, Davis and the American Lung Association, recognize that there is no safe level of exposure to lead. Lead can harm bones and other organs, and is linked to numerous health conditions including nervous system, cardiovascular and kidney damages, learning disabilities, fetal development disorders, and nerve disorders. The United States Environmental Protection Agency and United States Department of Department of Health and Humas Services have classified lead as a carcinogen. Children are particularly vulnerable to lead based damage. Lead exposure can even lead to death. Aside from direct exposure, lead dust can attach to shoes and clothing and then be introduced into other environments including homes and workplaces, increasing the exposure risk to a larger population of children and adults.

(Dkt. No. 50 ¶ 20.) While these allegations may clarify "how the cloud was toxic" to humans, they do not plausibly identify property damage. Nor does Plaintiff's opposition even attempt to explain how it identifies damage; it simply reiterates "dust enter[ed] and remain[ed] on the property." (Dkt. No. 52 at 19-20.) Whereas bullets, for instance, may constitute a taking in that they physically occupy a discernable "volume of space," (*see* Dkt. No. 18 at 8 (citing *Loretto v. Teleprompter Manhattan CATV Corp.*, 458 U.S. 419, 436 (1982))), Plaintiff's amended allegations do not support a plausible inference amorphous lead "clouds," "dust," or "residue" have damaged its property.

So, the Court dismisses Causes of Action IV and V to the extent they rely on toxic clouds, dust, and residue that travelled to Plaintiff's property. Again, as Plaintiff had the opportunity to amend these claims, and further amendment would be futile, dismissal is without leave to amend.

### D. The Court Exercises Jurisdiction Over Plaintiff's Remaining State-Law Claim (Cause of Action V)

Defendant asserts "only state law claims remain," so the Court lacks subject matter jurisdiction over this case. (Dkt. No. 51 at 18.) Not so. The Court has not dismissed Plaintiff's takings claim in Cause of Action V, which arises from "the continued presence of lead bullets on Plaintiff's property which… remain and contaminate its property." (Dkt. No. 23 at 7, 8.)

Defendant did not move to dismiss this claim. (*See generally* Dkt. No. 51.) This is a claim under federal and state law; so, the Court will exercise supplemental jurisdiction over the portion of Cause of Action V brought under state law.

"The district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Here, Plaintiff's federal and state theories rely on the same facts. "The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). The state-law portion of Cause of Action V is not novel or particularly complex, nor will it substantially predominate over Plaintiff's federal claim because they are based on the same facts. So, since Plaintiff's federal claim is still alive, the Court will exercise supplemental jurisdiction over Plaintiff's state-law claim in Cause of Action V.

## CONCLUSION

The Court grants, in part, and denies, in part, Defendant's motion to dismiss. To summarize:

- Causes of Action I and III are dismissed, without leave to amend, as time barred;
- Causes of Action II and IV are dismissed, without leave to amend, as there are no facts supporting a plausible inference the City lacked a legitimate government objective; and
- Cause of Action V is dismissed, without leave to amend, to the extent it relies on allegations of toxic clouds, dust, and residue causing property damage.

But since the Court has not dismissed Cause of Action V's federal claim regarding the continued presence of lead bullets, the Court retains supplemental jurisdiction over the state-law lead bullets portion of Cause of Action V. The Court's case management conference is continued to Wednesday, January 28, 2026 at 2:00 pm. No updated statement is required.

This order disposes of Docket No. 51.

**IT IS SO ORDERED.**

Dated: January 12, 2026

                                                  JACQUELINE SCOTT CORLEY
                                                  United States District Judge